LITTLER MENDELSON, P.C.
Michael P. Pappas (MP-6716)
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendant
 Comprehensive Drug Testing, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM E. RICHARDSON, et al.,<br><br>      Plaintiffs,<br><br>-against-<br><br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>      Defendants. | 07 CV 11632 (MGC)<br><br>**DECLARATION OF KIM JASPER IN SUPPORT OF DEFENDANT CDT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER THIS MATTER AS AGAINST CDT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**<br><br>**SPECIAL APPEARANCE ONLY** |

  I, KIM JASPER, hereby declare as follows:

  1. The facts set forth herein are true of my own personal knowledge and, if I were sworn as a witness, I could and would testify competently thereto.

  2. I am the President of Comprehensive Drug Testing, Inc. ("CDT"), a defendant in this action. CDT is a small California corporation. Its only office is located at 4510 E. Pacific Coast Highway, Suite 310, Long Beach, California, 90804.

  3. CDT employs less than 25 persons, all but one of whom works out of CDT's office in Long Beach. One employee works out of his home in Tucson, Arizona. CDT

does not have any permanent employees located or regularly officed in the State of New York.

4. I have read, and am familiar with, the First Amended Complaint filed by the Plaintiffs in this action (hereinafter the "FAC").

5. Paragraph 113 of the FAC refers to an alleged meeting between CDT and representatives of the NFLMC to make a presentation. There were three preliminary meetings between representatives of CDT and representatives of the NFL in New York between April and November 2006. Such meeting were preliminary, and no contracts or agreements were signed at those meetings. All negotiations by CDT with the NFL or NFLMC took place by phone, fax, or e-mail from CDT's office in Long Beach, California. Aside from these preliminary meetings, at no time did I, or any officer of CDT, go to New York to negotiate the terms of or sign any specific contract with the NFL or the NFLMC.

6. In the FAC, the Plaintiffs' complaint against CDT is that CDT did not select them to be specimen collectors to fulfill its contractual requirements to the NFL, and instead selected others. The selection of specimen collectors by CDT for its contract with the NFL was done primarily by me and Liana Lee. With the exception of the activity described in Paragraph 7 below, all of the activity in selecting specimen collectors for CDT's contract with the NFL was done by me and Ms. Lee from our office in Long Beach, California, which consisted of receiving applications by fax, mail or e-mail at our office, and communicating with applicants by phone, fax, mail, or e-mail from our office.

7. Ms. Lee and I did not meet any of the specimen collector applicants face to face until one of two interview/training sessions, one of which was held in Long Beach,

California, and the other of which was held in Atlanta, Georgia. Ms. Lee and I did not meet any of the Plaintiffs face to face. None of the Plaintiffs attended either interview/training session. The final selection decisions were made by me, with Ms. Lee's input, at Long Beach, California, and the applicants were all informed of our decisions by communications from Ms. Lee or me originating in Long Beach, California.

8. CDT is a small company, with one office and less than 25 employees. As President of CDT, I am actively and intimately involved in the day-to-day operations of CDT. It would create substantial disruption to CDT's business and operations if I were required to be away from the business for a lengthy period to attend a trial in New York. It would also be disruptive to CDT's business if Liana Lee were required to be absent from CDT's offices for a lengthy period of time. Also, the expense of travel to New York and the engagement of counsel for a lengthy trial in New York would create a substantial economic hardship for CDT.

9. Neither CDT nor any of its employees is a member or participant in any employee retirement or benefits program administered by or on behalf of or for the benefit of the NFL or the NFLMC or their employees. Employees of CDT are not employees of the NFL or the NFLMC, and are not eligible to participate in any NFL or NFLMC employee retirement or benefit plans.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2008.

_____
Kim Jasper