```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
WILLIAM RICHARDSON, ET AL.,

                  Plaintiffs,        MEMORANDUM OPINION AND
                                     ORDER

        -against-                    07 Civ. 11632(MGC)


NATIONAL FOOTBALL LEAGUE, NATIONAL
FOOTBALL LEAGUE MANAGEMENT COUNCIL,
NATIONAL FOOTBALL LEAGUE PENSION
PLAN, NATIONAL FOOTBALL LEAGUE FLEX
PLAN, NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL PENSION PLAN,
NFL EMPLOYEE BENEFIT COMMITTEE, AND
COMPREHENSIVE DRUG TESTING, INC.

                  Defendants.

-----------------------------------X

APPEARANCES:



        SCHNADER HARRISON SEGAL & LEWIS LLP
        Attorneys for Plaintiffs
        140 Broadway, Suite 3100
        New York, New York 10005

        By:  M. Christine Carty, Esq.
             Carl J. Schaerf, Esq.
```

1

LEVY TOLMAN & COSTELLO, LLP
Attorneys for Plaintiffs
630 Third Avenue
New York, New York 10017

By:  Robert J. Costello, Esq.


SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Attorneys for Defendants National Football League,
National Football League Management Council, National
Football League Pension Plan, National Football League
Flex Plan, National Football League Management Council
Pension Plan, and NFL Employee Benefit Committee
Four Times Square
New York, New York 10036

By:  Jay S. Berke, Esq.
     Shepard Goldfein, Esq.


LITTLER MENDELSON P.C.
Attorneys for Defendant Comprehensive Drug Testing,
Inc.
900 Third Avenue
New York, New York 10022

By:  Michael P. Pappas, Esq.

**Cedarbaum, J.**

Eighty-nine individual plaintiffs and the executors of four plaintiffs' estates assert varied claims under the Employee Retirement Income Security Act of 1974 and the Age Discrimination in Employment Act of 1967.  Defendants National Football League Flex Plan, National Football League Management Council Pension Plan, NFL Employee Benefit Committee, National Football League, National Football League Management Council, National Football League Pension Plan, National Football League Capital Accumulation Plan move to dismiss the Amended Complaint for failure to state a claim.  Defendant Comprehensive Drug Testing, Inc. ("CDT") moves to dismiss plaintiffs' claims against it for failure to state a claim, as well as for lack of personal jurisdiction.

A complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ---, 127 S.Ct. 1955, 1974 (2007).

The generalized allegations of the Amended Complaint reveal no effort to plead specific facts connected to particular plaintiffs' claims.  Because the Amended Complaint fails to plead sufficient facts to state a plausible and timely claim for each of the eighty-nine individual plaintiffs and four executors, the defendants' motion to dismiss the Amended Complaint is granted with leave to file a Second Amended Complaint by May 26, 2009.

Plaintiffs are directed to allege sufficient facts to establish a prima facie case of personal jurisdiction over CDT in any Second Amended Complaint that is filed.

A pre-trial conference will be held on April 1, 2009, at 10:30 A.M., in Courtroom 14A, United States Courthouse, 500 Pearl Street, New York, New York.  All counsel are directed to appear at that time and place.

SO ORDERED.

Date:    New York, New York
         March 27, 2009

```
                                S/_____
                                    MIRIAM GOLDMAN CEDARBAUM
                                    United States District Judge
```